1

2

3

4

5

6

7

8                    United States District Court

9                    Eastern District of California

10

11

12  Chris Langley,                    Civ. S 05-1006 DFL PAN P

13       vs.                          Findings and Recommendations

14  Placer County Sheriff's
    Department, et al.,
15
                Defendants.
16                                         -oOo-

17       July 15, 2005, the court dismissed plaintiff's complaint for

18  failure to state a claim and gave plaintiff 45 days to file an

19  amended complaint.  Plaintiff has filed an amended complaint.

20       I have reviewed plaintiff's amended complaint pursuant to 28

21  U.S.C. § 1915A and find it does not state a cognizable claim

22  against any defendant.

23       To state a claim under 42 U.S.C. § 1983, plaintiff must

24  allege an identified defendant deprived plaintiff of a right

25  secured to him by the Constitution or laws of the United States

26  while acting under color of state law.  West v. Atkins, 487 U.S.

1  42, 48-49 (1988).  A local government is subject to liability for

2  constitutional torts committed by its officials when an

3  individual with final policy making authority acted pursuant to

4  an official policy or custom or failed to act based on a policy

5  of inaction amounting to deliberate indifference.  Monell v. N.Y.

6  Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978); Oviatt v.

7  Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).  An official is

8  deliberately indifferent when he knows of and disregards a risk

9  of injury or harm that "is not one that today's society chooses

10  to tolerate."  See Helling v. McKinney, 509 U.S. 25, 35 (1993);

11  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Delay in treatment

12  does not amount to deliberate indifference unless the delay

13  causes additional harm.  Shapley v. Nevada Bd. of State Prison

14  Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

15       Plaintiff alleges he damaged a tooth when he encountered a

16  rock in his food, complained of pain and requested medical

17  attention and because he persisted in his request he was seen by

18  medical staff within 150 minutes, when he received pain

19  medication.  A dentist examined plaintiff the next day.  He

20  alleges no harm from the delay.

21       Plaintiff fails to state a claim.

22       For these reasons, I recommend this action be dismissed.

23  See Lopez v. Smith, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent

24  prisoner proceeding without counsel must be given leave to file

25  amended complaint unless the court can rule out any possibility

26  that the plaintiff could state a claim).

1    Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these

2  findings and recommendations are submitted to the United States

3  District Judge assigned to this case.  Written objections may be

4  filed within 20 days of service of these findings and

5  recommendations.  The document should be captioned "Objections to

6  Magistrate Judge's Findings and Recommendations."  The district

7  judge may accept, reject, or modify these findings and

8  recommendations in whole or in part.

9    Dated:  August 30, 2005.

10                                  /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
11                                  Magistrate Judge